UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES B. FAUST, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 1:12-cv-11089-FDS |
| GERARD J. HORGAN, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**
**ON RESPONDENT'S MOTION TO DISMISS**

**SAYLOR, J.**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody. Petitioner James Faust was convicted of three counts of receiving stolen property greater than $250, four counts of receiving stolen property less than $250, one count of possession of burglarious instruments, and one count of furnishing a false name. He was sentenced to six and one-half years in state prison. He now seeks habeas relief pursuant to 28 U.S.C. § 2254.

Respondent Gerard Horgan has moved to dismiss the petition, contending that petitioner failed to exhaust his available state remedies as to one of the two claims contained in the petition. For the reasons set forth below, petitioner will be allowed to elect whether to dismiss the unexhausted claim without prejudice and proceed on the merits of the exhausted claim, or to accept dismissal of the entire petition.

I.  **Factual Background**

    A.  **State Court Proceedings**

On November 5, 2010, a Suffolk County jury convicted Faust of three counts of receiving stolen property with a value greater than $250, four counts of receiving stolen property with a value less than $250, one count of possession of burglarious instruments, and one count of furnishing a false name. Faust appealed his convictions to the Massachusetts Appeals Court. He contended that the introduction of a police journal that listed recovered property from a non-testifying victim violated the Confrontation Clause of the Sixth Amendment. He further contended, among other things, that four of the counts of receiving stolen property—those involving three recovered GPS devices and a cigarette case—were duplicative. He did not assert a Fifth Amendment violation, nor did he refer to any claim of double jeopardy. Instead, Faust argued that the duplicative charges were impermissible under a theory of statutory construction. On March 27, 2012, the Appeals Court affirmed the convictions. *Commonwealth v. Faust*, 964 N.E. 2d 987, 991 (Mass. App. Ct. 2012).

On April 11, 2012, Faust filed an application for leave to obtain further appellate review ("ALOFAR") with the Supreme Judicial Court. In his ALOFAR, Faust argued that all seven counts of receiving stolen property were duplicative. Unlike his previous appeal, Faust expressly based his ALOFAR, in part, on Fifth Amendment double jeopardy grounds. Faust also contended that his Sixth Amendment Confrontation Clause rights were violated. He also raised additional evidentiary concerns not at issue in this matter. On June 8, 2012, the SJC summarily denied the application for further appellate review. *Commonwealth v. Faust*, 462 Mass. 1105 (2012).

### B.      Federal Proceedings

On June 18, 2012, Faust filed a petition for a writ of habeas corpus. On July 12, 2012, he filed a second petition, stating that he had made a ministerial error in his initial petition. For the purposes of this order, the second petition is the operative one. Faust contends that the admission of a police journal at trial resulted in a violation of his Sixth Amendment Confrontation Clause rights and that six of his seven convictions for receiving stolen property were duplicative in violation of the Fifth Amendment's double jeopardy clause.[1]

## III.    Analysis

### A.      Exhaustion of Claims

A federal court may not consider a petition for a writ of habeas corpus filed by a person in state custody unless the petitioner has exhausted his state court remedies with respect to all claims raised in his application. *See* 28 U.S.C. § 2254(b)(1); *see also Rose v. Lundy*, 455 U.S. 509, 518 (1982). It is the petitioner's burden to demonstrate exhaustion as to all claims. *Barresi v. Maloney*, 296 F.3d 48, 51 (1st Cir. 2002). In order to satisfy the exhaustion requirement, a petitioner must establish that both the factual and legal bases of his federal claim were "fairly and recognizably presented to the state courts." *Adelson v. DiPaola*, 131 F.3d 259, 262 (1st Cir. 1997) (citing *Picard v. Connor*, 404 U.S. 270, 276-77 (1971)). A claim that is raised for the first time before a state's highest court for the purposes of discretionary review is not fairly presented for the purposes of exhaustion. *Gunter v. Maloney*, 291 F.3d 74, 82 (1st Cir. 2002) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

To establish fair presentation, the Court must determine whether the underlying claim

---

[1] It is unclear why Faust elected to challenge six of his convictions, instead of all seven.

before the state would alert a reasonable jurist to the existence of the federal question. *Scarpa v. DuBois*, 38 F.3d 1, 6 (1st Cir. 1994). Although a petitioner need not present his federal claims in precisely the same manner in both state and federal court, the claims raised by the habeas petitioner must be the "substantial equivalent" to those raised before the state's highest court. *Barresi*, 296 F. 3d at 52 (citing *Picard*, 404 U.S. 270 at 277-78). "The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988).

In the present matter, petitioner has consistently raised his Sixth Amendment claim at all stages of the appellate process. He raised a Confrontation Clause challenge in his brief to the Appeals Court, in his ALOFAR, and in his habeas petition. The first ground of his petition is therefore exhausted.

Petitioner has not, however, exhausted his state court remedies as to his Fifth Amendment rights. 28 U.S.C. § 2254(b)(1). While he did make an argument that four of his convictions for possession of stolen goods were duplicative in his brief to the Appeals Court, he based his legal argument on statutory construction of a state law. (Pet. App. Ct. Br. S.A. 30). He did not cite federal precedent or expressly mention his Fifth Amendment rights. Even if he were to argue that the use of the word "duplicative" implies a double jeopardy issue, the mere incantation of constitutional buzzwords without further constitutional analysis is insufficient to meet the burden of fair presentation. *Adelson*, 131 F. 3d at 263.

Because he failed to raise the double jeopardy claim to each appellate court of the state, his Fifth Amendment claim is unexhausted. Accordingly, petitioner has not exhausted his state

court remedies as to each of the grounds in his petition, as the statute requires. 28 U.S.C. § 2254(b)(1).

**B.      Requirements for Mixed Petitions**

Respondent has moved to dismiss the petition in its entirety for failure to exhaust state court remedies. Generally, if a petitioner files a "mixed petition" that includes both exhausted and unexhausted claims, a federal court may (1) dismiss the petition in its entirety, (2) allow the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, or (3) stay the petition until the petitioner returns to state court to exhaust his previously unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 265-66 (2005); *see also Rose*, 455 U.S. at 515, 520; *Neverson v. Farquharson*, 366 F.3d 32, 42 (1st Cir. 2004).[2] A court may exercise this third option to stay resolution of the exhausted claims and hold the petition in abeyance only "in limited circumstances." *Rhines*, 544 U.S. at 278. Specifically, a court may do so only if the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.*; *see also Clements v. Maloney*, 485 F.3d 158, 169 (1st Cir. 2007). A petitioner's intentional decision to argue a claim on state grounds does not establish good cause. *See Clements*, 485 F.3d at 171. Similarly, neither ineffective assistance of appellate counsel, nor a litigant's *pro se* status, will support a finding of good cause in the habeas context. *Sullivan v. Saba*, 840 F. Supp. 2d 429,

---

[2] Petitioner should be aware that filing of his federal habeas petition did not toll any applicable limitations periods under Massachusetts law, and, therefore, he may now be barred from raising the unexhausted claims in state court because the appeals deadlines may have passed.

Petitioner should also be aware that the filing of his federal habeas petition did not toll the running of the one-year limitations period contained in 28 U.S.C. § 2244(d). *See Neverson*, 366 F.3d at 38. Accordingly, any successive petition that he attempts to file in this Court (for example, after attempting to exhaust his state remedies) may be barred as untimely.

437 (D. Mass. 2012). "[L]ack of good cause means that . . . [a petitioner] cannot take advantage of 'stay and abeyance' procedure" under *Rhines*. *Clements*, 485 F.3d at 171.

Here, the petition is not eligible for a stay because petitioner has not demonstrated good cause for his failure to exhaust. *Rhines*, 544 U.S. at 265-66; *id*. at 169. For this reason, the Court declines to stay the petition.

Petitioner may elect to dismiss his unexhausted Fifth Amendment double jeopardy claim and proceed with the exhausted Sixth Amendment Confrontation Clause claim, or accept dismissal of his entire petition. Respondent's motion to dismiss the petition will be granted unless, within 30 days of the date of this order, petitioner files a request to dismiss the unexhausted claim and proceed on the merits of the exhausted claim.

### IV. Conclusion

For the foregoing reasons, respondent's motion to dismiss the petition will be granted unless, within 30 days of the date of this order, petitioner files a request to dismiss the unexhausted claim in his petition and proceed on the merits of the exhausted claim.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: January 17, 2013